Chief Magistrate Judge Brian A. Tsuchida

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRINIDAD QUIJADA VALENZUELA,<br><br>Defendant. | CASE NO. MJ20-788<br><br>COMPLAINT for VIOLATION<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(C) - Possession of Fentanyl with Intent to Distribute |

BEFORE, the Honorable Brian A. Tsuchida, Chief United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1
**(Possession of Fentanyl with Intent to Distribute)**

On or about December 10, 2020, in King County, within the Western District of Washington, and elsewhere, TRINIDAD QUIJADA VALENZUELA knowingly and intentionally possessed, with the intent to distribute, fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a substance controlled under Title 21, United States Code, Section 812, Schedule II.

COMPLAINT/VALENZUELA - 1
MJ20-788

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 21, United States Code, Section 841(b)(1)(C).

And the complainant states that this Complaint is based on the following information:

I, Michelle Hardin-Pineda, being first duly sworn on oath, depose and say:

## I. INTRODUCTION

1. I am a Special Agent with Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HIS"), and have been so employed since February 2006. I am currently assigned to the HSI Field Office in Seattle, Washington. In my current capacity, I investigate federal criminal violations that include drug offenses in violation of Title 21, United States Code, Section 841.

2. I am a graduate of the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. While at FLETC, I completed the Criminal Investigators Training Program and Immigration and Customs Enforcement Special Agent Training. I have received training and gained experience in the manner and operations of drug trafficking organizations, methods of importation and exportation, distribution, and smuggling of controlled substances, and sources and methods of financial and money laundering investigations. I have investigated drug trafficking organizations distributing controlled substances, including marijuana, heroin, methamphetamine, and cocaine. As a Special Agent, I have participated in the execution of search warrants for narcotics violations. As a result of this training and experience, I am familiar with narcotics trafficking, and I am particularly familiar with the narcotics traffickers who live and operate in the Seattle area.

## II. PURPOSE OF THE AFFIDAVIT

3. The facts set forth in this Complaint are based on the following: my personal and direct participation in the investigation, my training and experience, my conversations with witnesses and other law enforcement personnel participating in this and related investigations, and my review of relevant documents and reports.

COMPLAINT/VALENZUELA - 2
MJ20-788

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. This complaint is submitted to establish probable cause for the arrest of TRINIDAD QUIJADA VALENZUELA for possession of a controlled substance (fentanyl) with intent to distribute in violation of Title 21 of the United States Code, Section § 841(a)(1). Given that limited purpose, this complaint does not contain all of the facts known to me regarding this investigation. This affidavit is intended to show merely that there is a sufficient factual basis for a fair determination of probable cause to support the complaint. All times listed herein are approximate.

### III. SUMMARY OF INVESTIGATION

5. In November 2020, Confidential Source 1 (CS-1) advised HSI that he/she had been in phone contact with an unknown drug trafficker in Mexico (Mexico Contact). According to CS-1, this drug trafficker said he could introduce him/her to another drug trafficker in Arizona, who could provide large quantities of fentanyl pills. The Mexico Contact gave CS-1 a phone number for this Arizona drug trafficker, and that phone number was later identified as belonging to TRINIDAD QUIJADA VALENZUELA.

6. On or about December 4, 2020, CS-1 told HSI agents that he/she had arranged for delivery 15,000-20,000 fentanyl pills to Washington State. CS-1 said the plan was for the pills to be transported to Washington State the following week. On or about December 5, 2020, the Mexico Contact told CS-1 that the 20,000 fentanyl pills were scheduled to arrive in Phoenix, Arizona, on Monday (December 7) and would leave the next day for Washington State. On or about December 8, 2020, the Mexico Contact gave CS-1 a phone number, 520-869-9934, as the contact number for the person who would be transporting the pills from Arizona to Washington.

7. On December 9, 2020, CS-1 told HSI that the previous evening, the Mexico Contact told him/her that the pills would be leaving in the morning and would arrive in Washington around noon the following day. Later that day, CS-1 told HSI agents he/she received confirmation that the fentanyl pills had left Phoenix, Arizona, at noon on December 9, 2020, and were headed to Washington State. On December 10, 2020, HSI

COMPLAINT/VALENZUELA - 3
MJ20-788

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agents received information from CS-1 that the load was expected to arrive at 5:00 pm that evening. CS-1, at the direction of HSI agents, arranged to meet and conduct the buy at a Home Depot in Federal Way, Washington.

8. At approximately 4:35 p.m. on December 10, CS-1 received a call from telephone number 520-869-9934 to alert him that the person transporting the pills was at the Home Depot. Agents meet with CS-1 and another Confidential Source (CS-2), who was going to be the person conducting the controlled buy. Agents searched CS-2 and CS-2's car before CS-2 drove to the Home Depot, and no contraband was found. Agents established surveillance in the parking lot at Home Depot, and then CS-2 drove into the area.

9. At approximately 5:25 p.m., CS-2 contacted the person at telephone number 520-869-9934 and directed him to his/her location in the parking lot. Agents watched a red Mini Cooper bearing California license plate 8LSU803 drove to CS-2's location and park next to CS-2's car. Agents then watched as TRINIDAD QUIJADA VALENZUELA got out of the Mini Cooper and meet with CS-2.

10. The meeting was audio recorded but conducted in Spanish. However, CS-2 reported the following during a debrief. CS-2 advised when the Mini Cooper (with a driver and two passengers) pulled up, VALENZUELA, who was the passenger in the backseat, got out and they talked outside. CS-2 explained to VALENZUELA that he/she was there to check the product (or something to that effect). CS-2 said that VALENZUELA then pulled a box of Tide detergent out of a suitcase in the trunk of the car and they both got into the backseat. VALENZUELA opened the box and pulled out a package. After removing the plastic, he revealed a Ziploc-type sandwich bag that contained several thousand pills. The pills were blue with M 30 stamped on them. CS-2 then got out of the vehicle to make the call to CS-1 to confirm he/she had seen the pills. Agents searched CS-2 and CS-2's car following the controlled buy and again confirmed there were no controlled substances present.

COMPLAINT/VALENZUELA - 4
MJ20-788

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. Once CS-2 called CS-1 to confirm the presence of the fentanyl pills, agents moved in and detained all three occupants of the Mini Cooper, including VALENZUELA. In the back seat, agents saw a box that appeared to be Tide laundry detergent. After obtaining consent to search the car, agents removed the box of purported detergent and found two packages of suspected fentanyl pills. They also found the sandwich bag of fentanyl pills seen by CS-2 in the floorboard. As noted, the pills were blue and stamped M 30, which I know from my training and experience to be consistent with fentanyl pills. A narcotics detection dog was applied to the box of Tide while it was still in the car, and the dog alerted to the odor of controlled substances. They were not field tested due to safety concerns.

12. Each of the people in the Mini Cooper was advised of their *Miranda* rights (in Spanish), and all three acknowledged they understood their rights and would speak with law enforcement. All three stated they understood their rights and wished to speak with agents without an attorney present.

13. The driver told agents he was just the driver of the car and knew nothing about the sale of controlled substances. The front seat passenger told agents he saw VALENZUELA put a box inside the car in Phoenix, Arizona, and that he knew VALENZUELA intended to sell the box to CS-2. He denied knowledge of any controlled substances.

14. VALENZUELA said that he received a call from someone in Mexico telling him to do this. He said he was here from Phoenix, Arizona, to sell a box of soap. VALENZUELA had three cellphones on him that he acknowledged were he personal phones. Agents dialed the number that CS-1 and CS-2 had been in contact with leading up to the controlled buy, 520-869-9934, and one of the phones seized from VALENZUELA began to ring.

COMPLAINT/VALENZUELA - 5
MJ20-788

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CI RELIABILITY

15. CS-1 is cooperating with HSI in exchange for monetary compensation and immigration benefits and has been arrested for grand theft, fictitious checks, carrying a concealed weapon, providing false ID to law enforcement, forgery and driving without a license. CS-1 has been convicted of forgery (2010) and grand theft (2012). As a result of CS-1's cooperation over the last few years, HSI agents have obtained and executed search warrants, made arrest, seized drug proceeds and controlled substances. During the course of the CS-1's cooperation with HSI agents, he/she has been determined by those agents to be reliable and to provide trustworthy and timely information.

16. CS-2 is cooperating with HSI in exchange for monetary compensation and immigration benefits. CS-2 has no criminal history. CS-2 has provided information and/or participated in multiple meetings and operations that resulted in the acquisition of controlled substances and/or drug proceeds. During the course of CS-2's cooperation with HSI agents, he/she has been determined by those agents to be reliable and to provide trustworthy and timely information.

COMPLAINT/VALENZUELA - 6
MJ20-788

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

17. Based on the above facts, I respectfully submit that there is probable cause to believe that TRINIDAD QUIJADA VALENZUELA knowingly and intentionally possessed fentanyl with the intent to distribute in violation of Title 21 of the United States Code § 841(a)(1), (b)(1)(C).

_____
MICHELLE HARDIN-PINEDA
SPECIAL AGENT, HSI,

Based on the above-named Complainant having provided a sworn statement attesting to the truth of the foregoing Affidavit this 11th day of December, 2020, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 11th day of December, 2020.

_____
BRIAN A. TSUCHIDA
CHIEF United States Magistrate Judge

COMPLAINT/VALENZUELA - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970